IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERTO SOLER,
       Plaintiff,

vs.                                   Case No.: 3:03cv488/RV/MD

UNIT MANAGER ANDERSON, et al.,
       Defendants.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's renewed motion for temporary restraining order and supplement thereto. (Docs. 95 & 96).

Plaintiff, a federal inmate currently incarcerated at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), commenced this suit in October of 2003 by filing a complaint under 28 U.S.C. § 1331 and *Bivens*.[1] On October 28, 2004, this court entered an order dismissing a number of plaintiff's claims (including all retaliation claims) and dismissing the following defendants: the Department of Justice/Bureau of Prisons, Warden Donald Bauknecht, Officer Moran, Officer Crutchfield, Officer Cromer, and all unknown BOP officers (*i.e.*, John Does). (Doc. 43). The only claims remaining in this action are as follows:

    a.    Defendants Rice, King, Anderson and Youngs violated plaintiff's First Amendment rights by opening his incoming legal mail outside his presence and reading or copying its contents;

    b.    Defendant Rice violated plaintiff's First Amendment rights by failing to log his incoming legal mail for proof of service; and

---

[1]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

      **c.     Defendants Rice, King, Anderson, Youngs and Stephens violated plaintiff's Fifth Amendment right to due process by "arbitrar[ily] and in bad faith" opening and reading plaintiff's incoming legal mail outside his presence, and failing to log it for proof of service.**

(*Id.*).

In December of 2004, plaintiff filed a motion for temporary restraining order based upon allegations that defendant Anderson and non-defendant correctional officers Captain Paul and Officer Merritt retaliated against him for filing this action and for filing grievances by transferring him from FPC-Pensacola to FCI-Tallahassee. (Doc. 71). This court denied the motion for several reasons. Plaintiff offered nothing factual to support his claim of retaliation, his allegations related to acts of retaliation by at least two correctional officers who were not parties to this lawsuit, and he failed to demonstrate that there existed a substantial threat of irreparable injury. (*See* Docs. 72 & 77).

In the instant renewed motion and supplement, plaintiff contends he has new evidence of defendant Anderson's, Captain Paul's and Officer Merritt's retaliatory motives in arranging for his transfer from FPC-Pensacola. He further contends unnamed officials are retaliating against him retaining him at USP-Atlanta "in transfer mode" beyond the time that other inmates have been so retained. He also provides countless examples of how officials at USP-Atlanta are retaliating against him. As relief, plaintiff seeks an order requiring the BOP to expedite his transfer to FCI-Coleman. (Docs. 95 & 96).

The granting or denial of a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court, however, must exercise its discretion in the light of whether:

    1.     There is a substantial likelihood that plaintiff will prevail on the merits;

    2.     There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3.	The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4.	The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.,* 265 F.3d 1193, 1200 (11th Cir. 2001); *Johnson v. United States Department of Agriculture*, 734 F.2d 774 (11th Cir. 1984); *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). Furthermore, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Service v. Bethesda Memorial Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. *Procunier v. Martinez*, 416 U.S. 396, 404-06 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Newman v. Alabama*, 683 F.2d 1312, 1320 (11th Cir. 1982). The very nature of lawful incarceration "brings about the necessary withdrawal or limitation of many privileges and rights." *Pell v. Procunier*, 417 U.S. 817, 822 (1974) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948). As the Supreme Court stated in *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (citations omitted):

> [T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

Finally, the purpose of preliminary injunctive relief is to preserve the status quo between te parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the

conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Plaintiff has failed to meet the prerequisites for obtaining injunctive relief in this case. His allegations relate to acts of retaliation by correctional officers, some unnamed, who are not parties to this lawsuit. He seeks relief against the BOP (who is no longer a party to this suit) for conduct that is not closely related to that which is the subject of this lawsuit. In any event, plaintiff clearly has not demonstrated that there exists a substantial threat of irreparable injury. Rather, his allegations are more conclusory and speculative in nature. Because plaintiff has failed to meet the prerequisites for injunctive relief, his request should be denied.

Accordingly, it is respectfully RECOMMENDED that plaintiff's renewed motion for temporary restraining order, as supplemented (docs. 95 & 96) be DENIED.

At Pensacola, Florida, this 15th day of March, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).