## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ALBERTO SOLER,

        Plaintiff,

    v.                                     Case No.: 3:03cv488/RV/MD

BUREAU OF PRISONS, *et al.*,

        Defendants.

_____/

### <u>ORDER</u>

Now pending is Plaintiff's motion for relief from judgment (doc. 109).

In August 2004, Plaintiff, a *pro se* inmate, filed his third amended complaint. Plaintiff's complaint named ten individuals or entities as defendants (plus other "unknown officials"), and it contained numerous allegations of wrongdoing and constitutional violations relative to his confinement at the Federal Prison Camp in Pensacola, Florida. On September 9, 2004, before the complaint was served on the defendants, the Magistrate Judge assigned to this case issued a Report and Recommendation, recommending *sua sponte* that certain of the claims be allowed to stand, but that certain others be dismissed for Plaintiff's failure to exhaust. I later agreed with and adopted the Report and Recommendation.

Plaintiff has argued repeatedly throughout the course of this case (both before and after the Report and Recommendation was adopted) that unexhaustion is an affirmative defense that should not be raised and ruled upon by the court *sua sponte*. Frustrated with several adverse rulings on this and other grounds, Plaintiff moved to voluntarily dismiss this case on May 4, 2005, and the requested relief was granted (and judgment entered against Plaintiff) on June 7, 2005. Plaintiff now

moves for relief from the judgment, claiming that a new case decided by the Supreme Court of the United States, <u>Jones v. Bock</u>, --- U.S. ---, 127 S. Ct. 910 (Jan. 22, 2007), renders the judgment "void and unenforceable."

There were three holdings in <u>Jones</u>. First, the Supreme Court held that the exhaustion requirement in the Prisoner Litigation Reform Act ("PLRA") is, as Plaintiff has argued, an affirmative defense. Accordingly, prisoners are not required to plead and prove exhaustion in their complaint. <u>Id.</u> at 918-22. Second, PLRA exhaustion does not require each and every defendant named in a complaint to be named in the initial administrative grievance. <u>Id.</u> at 922-23. And lastly, when a PLRA suit contains both exhausted and unexhausted claims, only the unexhausted claims should be dismissed. <u>Id.</u> at 923-26. To be clear, the Court **did not** hold that prisoners do not have to exhaust their claims prior to filing suit. Indeed, the Court specifically emphasized that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Id.</u> at 918-19; <u>accord id.</u> at 923 ("All agree that no unexhausted claim may be considered.").

Plaintiff argues that because exhaustion is an affirmative defense, it was improper for the court to dismiss his complaint *sua sponte*. Plaintiff miscomprehends the holding and import of <u>Jones</u>. As noted, the Supreme Court held in <u>Jones</u> that a prisoner is not **required** to plead and prove exhaustion in his complaint. But, the opinion does not stand for the much broader proposition (suggested by Plaintiff) that it is improper to dismiss claims when it is clear from the pleadings and record evidence that those claims have not been fully exhausted. As the district court held last month in <u>Ghosh v. McClure</u>, 2007 WL 400648 (S.D. Tex. Jan. 31, 2007):

> The Supreme Court has recently clarified that exhaustion is an affirmative defense, which a prisoner is not required to plead or prove in his complaint. <u>See</u> <u>Jones</u>, --- U.S. at

> ---, --- S. Ct. at ---, 2007 WL 135890, *11. Nothing in the Supreme Court's decision in <u>Jones</u> precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit. . . The Court's review of the exhaustion requirement, therefore, is based on pleadings and a record that has included factual development regarding this specific issue.

<u>Id.</u> at *6 n.3.

In this case, as in <u>Ghosh</u>, dismissal of the unexhausted claims was not based merely on Plaintiff's failure to plead and prove exhaustion in his complaint. Rather, the claims were dismissed *sua sponte* because the allegations in the complaint, **coupled with the numerous and various exhibits attached thereto**, presented an adequate factual record and made clear that those claims had not been exhausted. Thus, in the Report and Recommendation the Magistrate discussed the allegations in the complaint at length, compared them with the attached documentation, and concluded that certain of the claims had not been exhausted (<u>see</u> doc. 32 at pp.6-14). I adopted the Magistrate's conclusion, and <u>Jones</u> does not provide a sufficient basis for me to reconsider.

Accordingly, the Plaintiff's motion for relief from judgement (doc. 109) must be, and is, DENIED.

DONE and ORDERED this 12th day of February, 2007.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**